IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-11153
Summary Calendar
_____


OTIS B. CLAYBORNE,

                                      Plaintiff-Appellant,

                          versus

SOUTHWESTERN BELL TELEPHONE COMPANY;
ROBERT GEHRMAN; PAULA BURCH;
WHITNEY WOLF; DENNIS HARRIS; MAX J.
MULLENS; BRUCE HINES; TOM MORGAN,

                                      Defendants-Appellees.
_____

Appeal from the United States District Court for the
Northern District of Texas, Dallas
(3:95-CV-1925-R)
_____
May 13, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Mr. Otis B. Clayborne, proceeding pro se, filed this employment discrimination suit against Southwestern Bell Telephone Company and the above-named employees pursuant to 42 U.S.C. § 2000e-5 ("Title VII").  The United States magistrate judge granted the defendant's motion for summary judgment, finding that

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Mr. Clayborne had failed to comply with Title VII's limitations period. Under Title VII, any suit must be filed within ninety days of the receipt of a right to sue letter. We affirm.

The movant in a motion for summary judgment has the initial burden of informing the court of the basis for the motion, and identifying those portions of the summary judgment record that demonstrates no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). When the movant satisfies this burden, the non-movant must produce affirmative evidence to establish a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11 (1986).

In this case, the movant provided United States Postal Service a "return receipt" that shows Mr. Clayborne had received his right to sue notice on May 25, 1995. Mr. Clayborne filed this suit on August 29, 1995, ninety-six days after receiving the right to sue notice. Because Mr. Clayborne failed to provide the magistrate judge any affirmative evidence contradicting the authenticity of the return receipts, nor did he give any justification for excuse from the ninety-day limitations period, he failed to establish any genuine issue of material fact. Therefore, summary judgment was appropriate. The judgment of the magistrate judge is therefore

A F F I R M E D.